MilligAN, J.,
delivered the opinion of the Court.
This is an action of trespass in the case, for verbal slander. The words, as laid in the declaration, impart a charge of perjury in a judicial proceeding before a Justice of the Peace. The slanderous words are fully proven, and they are clearly actionable as proven under the averments of the declaration. The jury found for the plaintiff, and assessed his damages at one dollar. A motion for a new trial was entered and overruled, and a judgment finally rendered on the verdict of the jury; from which an appeal in error, is prosecuted to this Court.
No objection is taken -here to the general charge of the Circuit Judge. The error assigned, is, the admission of illegal testimony in the progress of the trial. The defendant’s attorney, under objection made at the time, asked the witness as to the general character of the plaintiff. The objection was overruled by the Court, and the witnesses allowed to testify as to his general character before the speaking of the slanderous words. Several witnesses spoke of the plaintiff’s bad reputation; and, on cross-examination, particular facts, based upon rumor, were brought out, *230 involving the plaintiff’s infidelity to bis marriage vow. The evidence went to the jury, but, upon reflection, the presiding Judge stated, in his charge, after the testimony was closed, that he erred in admitting the testimony, and that “the jury would discard from their minds all the evidence touching the plaintiff’s general character, except such as impeached his general character for veracity before the time he was sworn before the Justice.”
The action of the Circuit Judge, in admitting evidence of the general character of the plaintiff, and then withdrawing it, after the testimony was closed, it is insisted, was error, and we are called upon, on this ground, to reverse the judgment. It is clear, under the case of Bell vs. Farnsworth, 11 Hump., 608, the plaintiff’s general character was not in issue. His character, in regard to the particular trait involved in the matter charged against him, was admissible; and, it is presumed, he comes prepared to defend his reputation for truth and veracity. But, in a charge involving perjury, under the ruling of this Court, he cannot be held to be prepared to defend or justify his general conduct through life.
It is clear the Court erred in admitting the testimony; but he had the justice and moral integrity to retrace his steps, as soon as he was convinced of the error into which he had fallen, and to withdraw the evidence from the jury. What more could he do? He must either have directed a mistrial, withdrawn the evidence, or persisted in the error, which he was conscious he had committed. His duty *231 was plain, and although it is certainly best for the ends of justice, that illegal testimony should not be heard by the jury, yet it is not to be presumed that jurors have not both the sagacity and integrity to comprehend the plain instructions of the Court, and to decide the case upon the testimony admitted by him as legal evidence.
The time at which the illegal testimony was withdrawn, constituted no error for which we could reverse. It is the settled law of this Court, that the party to be prejudiced by the admission of illegal testimony, not objected to when offered, may insist upon the exclusion of such evidence from the jury, at any time before their retirement from the bar, unless there has been an explicit waiver of the objection to the evidence: Price vs. Allen, 9 Hump., 711; Creed vs. White, 11 Hump., 549. The rule applies with equal force when objection has been made and overruled. The Court may withdraw the testimony at any time before verdict.
Affirm the judgment.